# NEW YORK SUPERIOR COURT.

## Leggett vs. Mott.

*Held*, that the practice in relation to reviewing reports of referees, is, to make a case and *appeal* from the judgment on the matters of *law* involved—or, apply for a stay of proceedings upon the report for the purpose of *moving for a rehearing* (on a case at special term.) The judge will exercise a discretion as to a stay, regulated by the nature of the action, the points to be raised, &c.; and may impose terms.

If the report be complained of as against *evidence*, there is no redress except *by a motion for a rehearing.* (*This is directly adverse to the case of Pepper* v. *Goulding, ante, p.* 310.)

*Before* Oakley, *Chief Justice, and* Sandford *and* Paine, *Justices.* —*May* 29*th,* 1850.

C. Nagle, *for plaintiff.*

A. L. Brown, *for defendant.*

By the Court, Sandford, Justice.—In the case of *Haight* v. *Prince*, it was held by Campbell, Justice, after consulting Duer and Mason, Justices, that a report of a referee upon the whole issue, might be brought before the special term on a motion for a rehearing; when such order might be made, granting or denying the application, as to the judge should seem just. (2 Code Rep. 97.) The question being presented in this case in our branch of the court, we have conferred with our associates,

(the six justices being present,) and it is the unanimous conclusion of the court, that the decision of CAMPBELL, J. was correct. Whether the court will look into the matters of law, as well as of fact, arising upon the report of the referee, and direct a rehearing in respect of erroneous rulings of the law, will, of course, be in the discretion of the court, at the special term. Where the report is complained of as being contrary to the evidence, an examination of the legal points involved will generally be convenient and proper in connection with the argument on the evidence. Where, however, the report is assailed in respect of its legal conclusions alone, the judge will be inclined to refuse a stay of proceedings with a view to a motion for a rehearing, and will leave the party to his remedy by appeal from the judgment.

The considerations which lead us to this result, will be briefly stated:

The amended code of 1849, allows of no appeal from *a judgment*, upon the facts involved. The appeal to the general term from a judgment, is limited to matters of law. (Am. Code, § 348.) This would cut off, entirely, any review of the finding of a referee upon the facts, or of the verdict of a jury, or the decision of a judge upon the facts, on a trial without a jury; unless there be some mode of reaching it, other than an appeal from the judgment. In *Droz* v. *Lakey*, we decided, in January last, that a motion to set aside a verdict as against evidence, might be made at the special term, on a case settled in the usual manner; and that such motion might be made after judgment, the party obtaining a stay of proceedings for the purpose. We see no good reason why the motion may not be made, without any formal case, before the judge who tried the suit, founded on his notes of the testimony.

As to the reports of referees, the code, it appears to us, is explicit in making a provision, independent of an appeal, in the first instance. Section 272, after providing that the report may be reviewed in like manner as the decision of the court on a trial, enacts that a *rehearing* may also be granted by the court.

A rehearing, as we understand it, is obtained on a motion only; and this is brought on before a judge, either at chambers or at special term. If it be for a new trial on the merits, it must be moved before the judge, *in court; i. e.* at the special term. (Amended Code, §§ 400, 401, and 350.)

We are referred to the 24th rule of the Supreme Court, adopted in August last, as imperatively restricting the examination of the reports of referees, to an appeal to be heard at the general term. As this rule, in the broad application claimed for it, would conflict with the latter part of

section 272 of the amended code, allowing a re-hearing; we think it was intended to apply, as in its literal terms it does apply, only to a *review* of the referee's report, for which purpose a case must be made; and as the appeal is limited to the law of the case, it follows that rule 24 applies only to a review of the report of a referee, on matters of law.

It is, nevertheless, a convenient practice to make a case on which to found a motion for a re-hearing, in the manner prescribed by the rule of the Supreme Court, and that course will be required in our court in future.

The practice, therefore, in respect of reports of referees, may be thus stated: The party deeming himself aggrieved by such a report, may prepare his case, and appeal from the judgment on the matters of law involved. Or he may apply to a judge of the court for an order to stay the proceedings on the referee's report, for the purpose of moving for a re-hearing. The judge will exercise a discretion, as to staying the proceedings, regulated by the nature of the action, the points proposed to be raised, and the danger of loss, if collection of the demand be delayed; and he may impose terms on granting a stay. If the report be complained of as againt evidence, there is no redress except by the motion for a re-hearing. On obtaining a stay, the party must proceed to make and settle his case, and bring it on to be heard before the court at special term. An order will, thereupon be made, either granting or denying the motion for a re-hearing. From this *order* either party may appeal to the general term, as provided in section 349 of the amended code. And such appeals will be heard with other calendar causes, at the general term.

Rule accordingly.